UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON CHUNGCHIEN YU,<br><br>　　　Petitioner,<br><br>　　v.<br><br>NEIL MCDOWELL, AS ACTING WARDEN, IRONWOOD STATE PRISON,<br><br>　　　Respondent. | Case No. 5:22-cv-01040-FWS-DTB<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE [34] AND OVERRULING OBJECTIONS [36]** |

**I.  Introduction and Relevant Procedural History**

Before the court is the Magistrate Judge's December 12, 2024, Report and Recommendation.  (Dkt. 34 ("Report and Recommendation").)  Based on the state of the record, as applied to the applicable law, the court **ADOPTS** the Report and Recommendation issued by the Magistrate Judge, including each of the findings of fact and conclusions of law therein.

In summary, on June 27, 2022, Petitioner Jason Chungchien Yu ("Petitioner") filed a Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. (Dkt. 1.) On July 22, 2022, the Magistrate Judge granted Petitioner's "MOTION FOR *KELLY* STAY."[1] (Dkt. 5). On July 28, 2022, Petitioner filed an Amended Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. (Dkt. 6.) Thereafter, Petitioner filed seventeen status reports between August 15, 2022, and June 26, 2024, the period of the stay. (Dkts. 7-17, 19-24.) On June 26, 2024, the Magistrate Judge vacated the previously imposed stay. (Dkt. 25.) On July 11, 2024, Petitioner filed the Second Amended Petition for a Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. (Dkt. 26, ("SAP").)[2]

On August 27, 2024, Respondent Neil McDowell ("Respondent") filed a Motion to Dismiss the SAP. (Dkt. 30 ("Motion to Dismiss").) On September 19, 2024, Petitioner opposed the Motion to Dismiss. (Dkt. 33.) On December 12, 2024, the Magistrate Judge issued the Report and Recommendation. (Dkt. 34.) On December 26, 2024, Petitioner objected to the Report and Recommendation. (Dkt. 36 ("Objections").)

**II.   Discussion**

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the

---

[1] Referring to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007).

[2] The SAP is the operative petition in this matter.

magistrate judge with instructions"). Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Where no objection has been made, arguments challenging a finding are deemed waived. *See* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Moreover, "[o]bjections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge." *Chith v. Haynes*, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021).

In the Report and Recommendation, the Magistrate Judge recommended that the court issue an order:

> (1) [a]pproving and accepting this Report and Recommendation; (2) granting in part and denying in part Respondent's Motion to Dismiss; (3) dismissing Grounds Five and Six of the SAP with prejudice and without leave to amend; and (4) ordering Respondent to file an Answer addressing the merits of Grounds One through Four of the SAP within 30 days of the District Court's Order Accepting this Report and Recommendation.

(Report and Recommendation at 21.)

In the Objections, Petitioner "incorporates the "Habeas Standards" section of his [SAP] filed on July 11, 2024." (Objections at 2.) Petitioner also makes several arguments, including that "Grounds Five and Six are not time-barred." (*Id*.) After conducting a de novo review of the Objections, the court agrees with each of the findings of fact and conclusions of law set forth in the Report and Recommendation,

including each of the recommendations contained therein.  Accordingly, Petitioner's arguments set forth in the Objections are **OVERRULED** on the merits.

In sum, pursuant to 28 U.S.C. § 636, the court has reviewed the record, including the Report and Recommendation, the SAP, the Motion to Dismiss, the Opposition, the Objections, and the other records of the case.  After conducting a de novo review of the Objections, the court concurs with and accepts the findings and conclusions of the Magistrate Judge in the Report and Recommendation.

### III.   Conclusion

Based on the state of the record, as applied to the applicable law, the court adopts and the Report and Recommendation, and accepts each of the findings of fact and conclusions of law therein.  Accordingly, the court **ORDERS** the following:

(1) The Motion to Dismiss the SAP is **GRANTED IN PART AND DENIED IN PART**;

(2) Grounds Five and Six of the SAP are **DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**; and

(3) Respondent shall **FILE** an Answer addressing the merits of Grounds One through Four of the SAP within **thirty (30) days** of the District Court's Order Accepting this Report and Recommendation, namely, on or before **February 26, 2025**.

Dated:  January 27, 2025

_____
Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE