UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| JASON CHUNGCHIEN YU,<br><br>  Petitioner,<br><br>v.<br><br>NEIL MCDOWELL, AS ACTING WARDEN, IRONWOOD STATE PRISON,<br><br>  Respondant. | Case No. 5:22-cv-01040-FWS-DTB<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE [49] AND OVERRULING OBJECTIONS [51]** |

I.   **Introduction and Relevant Procedural History**

Before the court is the Magistrate Judge's September 24, 2025, Report and Recommendation. (Dkt. 49 ("Report and Recommendation" or "R&R").) Based on the state of the record, as applied to the applicable law, the court **ADOPTS** the Report and Recommendation issued by the Magistrate Judge, including each of the findings of fact and conclusions of law therein.

-1-

      In summary, on June 27, 2022, Petitioner Jason Chungchien Yu ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. (Dkt. 1.) On that same date, Petitioner filed a Motion for a *Kelly* Stay, pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), that requested "to hold his federal petition in abeyance while he exhausts remaining available remedies in state court." (Dkt. 2 ("Motion for *Kelly* Stay").) On July 21, 2022, the Magistrate Judge granted the Motion for a *Kelly* Stay, imposed a *Kelly* stay, and included an order requiring periodic status reports. (Dkt. 5.) On July 28, 2025, Petitioner filed an Amended Petition. (Dkt. 6.) From August 15, 2022, to June 25, 2024, seventeen status reports were filed. (Dkts. 7-17, 19-24.)

      On June 26, 2024, the Magistrate Judge vacated the *Kelly* stay. (Dkt. 25.) On July 11, 2024, Petitioner filed the Second Amended Petition. (Dkt. 26. ("SAP" or the "Petition").) On August 27, 2024, Respondent Neil McDowell ("Respondent") filed a Motion to Dismiss the SAP, (Dkts. 30-31 ("MTD")), that Petitioner opposed on September 19, 2025, (Dkt. 33). On January 27, 2025, the court granted in part and denied in part the MTD. (Dkt. 37.)

      On March 10, 2025, Respondent filed the Answer to the Petition. (Dkt. 41 ("Answer").) On April 1, 2025, Petitioner filed the Reply/Traverse to the Answer. (Dkt. 45 ("Reply").) On September 24, 2025, the Magistrate Judge issued the Report and Recommendation. (Dkt. 49.) On October 8, 2025, Petitioner objected to the Report and Recommendation. (Dkt. 51 ("Objections").)

**II.  Discussion**

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the

magistrate judge with instructions"). Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Where no objection has been made, arguments challenging a finding are deemed waived. *See* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Moreover, "[o]bjections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge." *Chith v. Haynes*, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021).

Here, in the Report and Recommendation, the Magistrate Judge recommended that the court issue an order:

> (1) Approving and accepting this Report and Recommendation; and
> (2) directing that Judgment be entered denying the Petition and dismissing this action with prejudice.

(R&R at 53.)

In the Objections, Petitioner argues that Habeas Relief is warranted on grounds one through four. (*See generally* Petition.) Petitioner asserts that he "has demonstrated that his Constitutional rights under the Sixth and Fourteenth Amendments were violated," and accordingly, the court "should grant the within writ and release Petitioner." (*Id*. at 10.)

After conducting a de novo review of the Objections, the court agrees with each of the findings of fact and conclusions of law set forth in the Report and Recommendation, including each of the recommendations contained therein.

Accordingly, Petitioner's arguments set forth in the Objections are **OVERRULED** on the merits.

In sum, pursuant to 28 U.S.C. § 636, the court has reviewed and considered the files and records of the case, including the Report and Recommendation, the Petition, the Answer, the Reply, the Objections, and the other records of the case. After conducting a de novo review of the Objections, the court concurs with and accepts the findings and conclusions of the Magistrate Judge in the Report and Recommendation.

### III. Conclusion

Based on the state of the record, as applied to the applicable law, the court concurs with and accepts the findings, conclusions and recommendations of the Magistrate Judge in the Report and Recommendation. Accordingly, the court **ORDERS** that Judgment is entered **DENYING** the Petition and **DISMISSING** this action **WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: November 17, 2025

_____
Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE